UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COLUMBIA FOODS, INC().  )
                         )
v.                       )   NO. 1:06-0038
                         )   JUDGE CAMPBELL
HULL STOREY RETAIL GROUP, LLC )

MEMORANDUM

This is an appeal of the Order (Bankr. Docket No. 63, Docket No. 1-3) of the Bankruptcy Court entered May 25, 2006 granting relief from the automatic stay to Hull Storey Retail Group, LLC ("Hull Storey") to enforce its state law remedies regarding possession of premises owned by Hull Storey and leased by Columbia Foods, Inc. ("Columbia Foods") (the "Property").

For the reasons described herein, the appeal of the Bankruptcy Court's order granting Hull Storey relief from the automatic stay is moot and this appeal is dismissed.

At issue is whether the Bankruptcy Court erred in applying 11 U.S.C. §108(b) rather than 11 U.S.C. §108(c) to the period in which Columbia Foods had to file a notice of appeal of the judgment of the General Sessions Court of Maury County, Tennessee granting possession of the Property to Hull Storey.

The Bankruptcy Court's findings of fact shall not be set aside unless clearly erroneous; the Bankruptcy Court's conclusions of law are reviewed de novo. In re Federated Dept. Stores, Inc., 44 F. 3d 1310, 1315 (6th Cir. 1995). The Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. §158(a).

Columbia Foods operated a restaurant on the Property (Bankr. Docket No. 63, Docket No. 1-4). On November 18, 2005, the General Sessions Court of Maury County, Tennessee entered an order of possession in Hull Storey's favor (Bankr. Docket No. 63, Docket No. 1-4).

Less than 30 minutes later, Columbia Foods filed a petition for protection pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. 101, et seq., in the Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court").  Columbia Foods filed a notice of appeal in the Circuit Court of Maury County from the decision of the General Sessions Court of Maury County on March 31, 2006, approximately 133 days after its petition in the Bankruptcy Court was filed.

By Order and Memorandum Opinion dated May 25, 2006, the Bankruptcy Court granted Hull Storey relief from the automatic stay to pursue its rights and remedies regarding possession of the Property granted under the judgment of the General Sessions Court of Maury County (Bankr. Docket Nos. 63 and 64, Docket Nos. 1-3 and 1-4).  The Bankruptcy Court found that Columbia Foods' notice of appeal from the decision of the General Sessions Court of Maury County was not timely, and that the judgment of the General Sessions Court of Maury County was a final order giving Hull Storey the right to enforce its state remedies as to possession of the Property (Bankr. Docket No. 64, Docket No. 1-4).  In so ruling, the Bankruptcy Court found that 11 U.S.C. §108(b), and not 11 U.S.C. § 108(c), was determinative of the period within which Columbia Foods had to file a notice of appeal of the judgment of the General Sessions Court of Maury County (Bankr. Docket No. 64, Docket No. 1-4).[1]

After entry of the Bankruptcy Court's order lifting the stay, Columbia Foods filed this appeal.  In its appeal, Columbia Foods argues that 11 U.S.C. §108(b), not 11 U.S.C. §108(c), is

---

[1] Under 11 U.S.C. §108(b), Columbia Foods' notice of appeal would have been timely if filed within sixty (60) days after commencement of the Bankruptcy Court case, whereas under 11 U.S.C. § 108(c), Columbia Food's notice of appeal would have been timely if filed within thirty (30) days of the termination or expiration of the automatic stay.

2

determinative of the time in which Columbia Foods had to file its notice of appeal, and, consequently, Hull Storey was not entitled to relief from the automatic stay to enforce its state law remedies.  Columbia Foods did not seek a stay pending resolution of this appeal and Hull Storey caused a Writ of Restitution to issue and evicted Columbia Foods from the Property (Docket Nos. 13 at 10, 13-1 and 16 at 8).  Subsequent to the filing of its notice of appeal, Columbia Foods filed a motion to dismiss the Bankruptcy Court case, and on July 21, 2006, the Bankruptcy Court entered an Order granting Columbia Foods' motion to voluntarily dismiss the Bankruptcy Court case.  The Bankruptcy Court case was closed on August 2, 2006 (Bankr. Docket No. 79).

      The Court finds that the voluntary dismissal of Columbia Foods' underlying Bankruptcy Court case moots the appeal of the Order (Bankr. Docket Nos. 63 and 64, Docket Nos. 1-3 and 1-4) of the Bankruptcy Court granting relief from the stay to Hull Storey.  "It is well-settled that an appeal should be dismissed as moot when, during the pendency of the appeal, an event occurs that makes it impossible for the appellate court to grant any effectual relief."  Unofficial Comm. of Co-Defendants v. Eagle-Picher Indus., Inc. (In re Eagle Picher Indus., Inc.), 172 F. 3d 48 (6th Cir. 1998) (citing Calderon v. Moore, 518 U.S. 149, 150 (1996)).  See, also, United Artists Theatre Co. v. Walton, 315 F. 3d 217, 226 (3d Cir. 2003) (an appeal is moot when a court cannot fashion some form of meaningful relief); In re Barbieri, 199 F. 3d 616, 621 (2d Cir. 1999) (noting that under 11 U.S.C. §§ 349(b) and 362(c) a voluntary dismissal results in the debtor forfeiting the protections afforded by the automatic stay).

      In the present case, the Court is without the power to grant any effective relief to the prevailing party in this appeal.  Were the Court to find that the Bankruptcy Court erred in

applying 11 U.S.C. §108(b) rather than 11 U.S.C. §108(c) to the period in which Columbia Foods had to file a notice of appeal of the judgment of the General Sessions Court for Maury County, the appropriate remedy would be for the Court to vacate the Order of the Bankruptcy Court and remand this case to the Bankruptcy Court for reconsideration and disposition of the case consistent with the conclusions of the Court. Because, however, the underlying case in the Bankruptcy Court has been voluntarily dismissed by Columbia Foods (Bankr. Docket No. 79), the Bankruptcy Court no longer has the power to reinstate the stay or to fashion any other relief as may be appropriate in the context of the Bankruptcy Court case. Therefore, a remand to the Bankruptcy Court would be useless. See, Montelione v. Federal National Mortgage Assoc., 183 Fed. Appx. 200 (3rd Cir., 2006); Gorczakoski v. Eastern Airlines Federal Financial Credit Union, Inc., 39 F. 3d 1166 (1st Cir. 1994). While Columbia Foods concedes that possession of the premises is a moot issue, it argues that a controversy still exists between the parties regarding the appeal of the damages awarded against it in the detainer action by the Maury County General Sessions Court. Columbia Foods further argues that the decision of the Bankruptcy Court can have the effect of precluding the litigation of that claim in state court in that arguments of res judicata will be made by Hull Storey in the state court proceeding to preclude consideration of an appeal of the detainer action. While an ongoing case may remain between the parties in state court, the fact is that the Bankruptcy Court case has been dismissed thereby rendering moot the appeal currently pending in this Court. Accordingly, the Court finds that Columbia Foods' appeal is moot and this case is dismissed.

Given the Court's determination, the Court finds it unnecessary at this time to address whether the timeless of Columbia's post-petition appeal of Hull Storey's pre-petition state court judgment is determined by 11 U.S.C. §108 (b) or 11 U.S.C. § 108(c), or any other matters raised by the parties in their briefs.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

Case 1:06-cv-00038   Document 18   Filed 11/07/06   Page 5 of 5 PageID #: 389